RECEIVED

APR 27 2015

CIRCUIT COURT

RECEIVED BY
Judges' Chambers
Date: 5-7-15

FILED 5/8/15

ENTERED BOOK _____ PAGE_____
DEBBIE McMILLAN BARRETT

# IN THE CIRCUIT COURT FOR WILLIAMSON COUNTY, TENNESSEE
## AT FRANKLIN

|  |  |  |
|---|---|---|
| SUSAN SMITH, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  2014-429 |
| | ) | |
| SHARPTON PAINTING, | ) | |
| and | ) | |
| KEVIN SHARPTON, | ) | |
| Defendants. | ) | |

## FINAL ORDER CONTAINING
## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This matter was tried before this Court without a jury on April 15, 2015. This case is an appeal by the Defendants from General Sessions court to the Circuit Court for Williamson County, Tennessee.  The Plaintiff is Susan Smith.  The Defendants are Kevin Sharpton as an individual and Sharpton Painting as an entity.

Upon hearing statements of counsel for both parties and the testimony of Plaintiff Susan Smith, upon review of the admissions of Defendant Kevin Sharpton as deemed admitted by this Court, upon review of each exhibit introduced and accepted into evidence, and upon consideration of the pleadings and the record as a whole, the Court makes the following findings of fact and conclusions of law pursuant to Rule 52.01 of the Tennessee Rules of Civil Procedure.

## I. PREAMBLE

These findings of fact and conclusions of law are based upon the testimony of the Plaintiff, the admissions of Defendant Kevin Sharpton that were deemed admitted by this Court, each and every one, individually, as applied to the alternative common law tort causes of action, as well as to the statutory causes of action under the Tennessee Consumer Protection Act.

The Court made statements on the record emphasizing that the Court carefully reviewed each admission by Defendant Kevin Sharpton and read each admission as it applies to each cause of action. The Court stated that each admission asserted by Plaintiff's counsel as being applicable to a certain cause of action did, indeed, support and prove the elements of that cause of action.

In addition, based upon the other pleadings in the file, all the information provided by the Court *supra*, the pleadings that are before the Court, the exhibits that have been filed in this cause of action, the Court makes the findings of fact and conclusions of law provided herein.

## II. CAUSES OF ACTION

The causes of action alleged in the Second Amended Complaint by the Plaintiff Susan Smith are as follows:

- Count 1 – Breach of Contract
- Count 2 – Breach of Express Warranties
- Count 3 – Negligence
- Count 4 – Negligent Misrepresentation
- Count 5 – Intentional Misrepresentation

2

- Count 6 – Fraudulent Concealment
- Count 7 – Violations of the Tennessee Consumer Protection Act
  - Count 7 included a claim against Defendants for violation of Tenn. Code Ann. § 62-6-136, pursuant to which a violation of the statue constitutes an unfair or deceptive act or practice under the Tennessee Consumer Protection Act.

The elements required to prove each cause of action, which were thoroughly considered in detail by the Court during the trial in this matter and in preparation of the ruling in this case, are as follows:

1. **Breach of Contract**

When a plaintiff alleges breach of contract, he or she must prove "(1) the existence of an enforceable contract, (2) nonperformance amounting to a breach of the contract, and (3) damages caused by the breach of contract." *BankcorpSouth Bank, Inc. v. Hatchel*, 223 S.W.3d 223, 227 (Tenn. Ct. App. 2006).

2. **Breach of Express Warranties**

"In order to establish a *prima facie* claim for breach of express warranty, a plaintiff must prove that: (1) Seller made an affirmation of fact intending to induce the buyer to purchase the goods; (2) Buyer was in fact induced by the seller's acts; and (3) [t]he affirmation of fact was false regardless of the seller's knowledge of the falsity or intention to create a warranty." *Body Invest, LLC v. Cone Solvents, Inc.*, No. M2006-01723-COA-R3-CV, 2007 Tenn. App. LEXIS 480, at *18 (Tenn. Ct. App. July 26, 2007).

3

3. **Negligence**

"[A] negligence action requires evidence proving the following elements: (1) a duty of care owed by the defendant to the plaintiff; (2) defendant's breach of that duty; (3) injury; (4) causation in fact; and (5) proximate, or legal, cause." *Naifeh v. Valley Forge Life Insurance Company*, 204 S.W.3d 758, 771 (Tenn. 2006).

4. **Negligent Misrepresentation**

The Tennessee Supreme Court case *Stanfill v. Mountain*, 301 S.W.3d 179 (Tenn. 2009) states, "To succeed on a negligent misrepresentation claim, a plaintiff must establish that: (1) the defendant supplied information to the plaintiff; (2) the information was false; (3) the defendant did not exercise reasonable care in obtaining or communicating the information; and (4) the plaintiffs justifiably relied on the information." *Id. at 189.*

5. **Intentional Misrepresentation**

Pursuant to *Stanfill*, "[a] claim for intentional misrepresentation has the following six elements:

> (1) the defendant made a representation of an existing or past fact; (2) the representation was false when made; (3) the representation was in regard to a material fact; (4) the false representation was made either knowingly or without belief in its truth or recklessly; (5) plaintiff reasonably relied on the misrepresented material fact; and (6) plaintiff suffered damage as a result of the misrepresentation."

*Id. at 188.*

6. **Fraudulent Concealment**

"[T]he tort of fraudulent concealment is committed when a party who has a duty to disclose a known fact or condition fails to do so, and another party reasonably relies upon the resulting misrepresentation, thereby suffering injury." *Id. at 185.*

4

7. **Violations of the Tennessee Consumer Protection Act**

Multiple willful and knowing violations of the Tennessee Consumer Protection Act were asserted by the Plaintiff in her Second Amended Complaint and were deemed admitted by Defendant Kevin Sharpton. In this subsection, the statutory text of Tenn. Code Ann. § 47-18-104(a) is provided, as are the statutory texts of the asserted violations as contained in Tenn. Code Ann. § 47-18-104(b).

**47-18-104. Unfair or deceptive acts prohibited.**

(a) Unfair or deceptive acts or practices affecting the conduct of any trade or commerce constitute unlawful acts or practices and are Class B misdemeanors.

(b) The following unfair or deceptive acts or practices affecting the conduct of any trade or commerce are declared to be unlawful and in violation of this part:

(2) Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services. This subdivision (b)(2) does not prohibit the private labeling of goods and services.

(3) Causing likelihood of confusion or misunderstanding as to affiliation, connection or association with, or certification by, another. This subdivision (b)(3) does not prohibit the private labeling of goods or services.

(7) Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another.

(9) Advertising goods or services with intent not to sell them as advertised

(19) Representing that a guarantee or warranty confers or involves rights or remedies which it does not have or involve; provided, that nothing in this subdivision (b)(19) shall be construed to alter the implied warranty of merchantability as defined in ß 47-2-314.

(21) Using statements or illustrations in any advertisement which create a false impression of the grade, quality, quantity, make, value, age, size, color, usability or origin of the goods or services offered, or which may otherwise misrepresent the goods or services in such a manner that later, on disclosure of the true facts, there is a likelihood that the buyer may be switched from the advertised goods or services to other goods or services.

(22) Using any advertisement containing an offer to sell goods or services when the offer is not a bona fide effort to sell the advertised goods or services. An offer is not

5

bona fide, even though the true facts are subsequently made known to the buyer, if the first contact or interview is secured by deception.

(32) (A) The act of misrepresenting the geographic location of a person through a business name or listing in a local telephone directory or **on the Internet** is an unfair or deceptive act or practice affecting the conduct of trade or commerce, if:

(i) The name misrepresents the person's geographic location; or

(ii) **The listing fails to clearly and conspicuously identify the locality and state of the person's business;**

(iii) Calls to the listed telephone number are routinely forwarded or otherwise transferred to a person's business location that is outside the calling area covered by the local telephone directory, or that is outside the local calling area for the telephone number that is listed on the Internet;

(iv) The person's business location is located in a county that is not contiguous to a county in the calling area covered by the local telephone directory, or is located in a county that is not contiguous to a county in the local calling area for the telephone number that is listed on the Internet; and

(v) The person does not have a business location or branch, or an affiliate or subsidiary of the person does not have a business location or branch, in the calling area or county contiguous to the local calling area.

(B) This subdivision (b)(32) shall not apply:

(i) To a telecommunications service provider, an Internet service provider, or to the publisher or distributor of a local telephone directory unless the act is on behalf of the Internet or telecommunications service provider or on behalf of the publisher or distributor of the local telephone directory; or

(ii) To the act of listing a number for a call center. For purposes of this subdivision (b)(32)(B)(ii), "call center" means a location that utilizes telecommunication services for activities related to an existing customer relationship, including, but not limited to, customer services, reactivating dormant accounts or receiving reservations.

(C) Notwithstanding any other law to the contrary, and without limiting the scope of ß 47-18-104, a violation of this subdivision (b)(32) shall be punishable by a nonremedial civil penalty of a minimum of one thousand dollars ($1,000) to a maximum of five thousand dollars ($5,000) per violation. Civil penalties assessed under this subdivision (b)(32) are separate

6

and apart from the remedial civil penalties authorized in ß 47-18-108(b)(3).

(D) This subdivision (b)(32) applies only to information supplied to a telephone directory published after July 1, 2008, information that is published on the Internet after July 1, 2008, or to information supplied for entry into a directory assistance database after July 1, 2008.

(35) Representing that a person is a licensed contractor when such person has not been licensed as required by ß 62-6-103 or ß 62-37-104; or, acting in the capacity of a "contractor" as defined in ßß 62-6-102(4)(A), 62-6-102(7) or 62-37-103(5), and related rules and regulations of the state of Tennessee, or any similar statutes, rules and regulations of another state, while not licensed;

(47) A home improvement services provider:

(A) Entering into a contract for home improvement services without providing to the residential owner in written form:

(i) That it is a criminal offense for the person entering into the contract for home improvement services with a residential owner to do any of the prohibited acts set out in ß 39-14-154(b), by writing out the text of each prohibited act, and providing the penalty and available relief for such; and

(ii) The true and correct name, physical address and telephone number of the home improvement services provider; or

(B) Having complied with subdivision (b)(47)(A), failing to provide to the residential owner in written form a correct current or forwarding address if the person changes the physical address initially provided to the residential owner and any or all work to be performed under the contract has not been completed.

Plaintiff Susan Smith also asserted in her Second Amended Complaint that the Defendants violated Tenn. Code Ann. § 62-6-136, pursuant to which a violation of the statue constitutes an unfair or deceptive act or practice under the Tennessee Consumer Protection Act. The text of the statute is as follows:

7

**62-6-136.  Unlawful representation as a licensed contractor or acting as a contractor -- Penalties -- Liability.**

(a) It is unlawful for any person, firm or corporation to represent itself as a licensed contractor or to act in the capacity of a "contractor" as defined in *ßß 62-6-102*, or *62-37-103* [repealed], and related rules and regulations of this state, or any similar statutes, rules and regulations of another state, while not licensed, unless such person, firm or corporation has been duly licensed under *ß 62-6-103* or *ß 62-37-104*.

(b) In addition to the penalties set out in *ß 62-6-120*, *ß 62-37-114* or *ß 62-37-127*, a violation of this section shall be construed to constitute an unfair or deceptive act or practice affecting the conduct of trade or commerce under the Tennessee Consumer Protection Act of 1977, compiled in title 47, chapter 18, part 1; and, as such, the private right of action remedy under the Tennessee Consumer Protection Act of 1977 shall be available to any person who suffers an ascertainable loss of money or property, real, personal or mixed, or any other article, commodity or thing of value wherever situated as a result of the violation.

(c) An individual who violates this section and would, but for this section, have limited liability as owner of an entity having limited liability protection, including, but not limited to, a corporation, is personally liable for the individual's own representations, acts or omissions to the same extent as if that individual rendered the representations, acts or omissions as an individual.

## III.  FINDINGS OF FACT

### Breach of Contract

The Court makes the following findings of fact of law relative to the cause of action for breach of contract:

1.     The elements of breach of contract have been met by the testimony of Plaintiff, the exhibits that have been introduced and accepted into evidence, and the admissions by Defendant Kevin Sharpton.

2.     An enforceable contract existed between the parties.

3.     Defendants breached the contract.

4.     Based upon the evidence introduced, including exhibits and testimony of

8

Plaintiff, the actual damages for breach of contract equal $8,092.56.

## Negligence

The Court makes the following findings of fact relative to the cause of action for negligence:

5.    The elements of negligence have been met by the testimony of Plaintiff, the exhibits that have been introduced and accepted into evidence, and the admissions by Defendant Kevin Sharpton.

6.    Under Tennessee case law, Defendants had a duty to perform the work at the residence of the Plaintiff in a workmanlike manner.

7.    The entirety of the proof supports the finding that Defendants had a duty to perform the work in a workmanlike manner and that Defendants breached that duty.

8.    The element of causation in fact is satisfied.    But for the poor workmanship performed by the Defendants and/or their representatives, the damages would not have been incurred.

9.    The proximate or legal cause, together or in the alternative, represents the poor workmanship and the lack of workmanlike performance by Defendants.

10.    Plaintiff suffered damages as a result of Defendants' negligence in the amount of $8,092.56.

## Breach of Express Warranties

The Court makes the following findings of fact relative to the cause of action for breach of express warranties:

11.    The elements of breach of express warranties have been met by the testimony of Plaintiff, the exhibits that have been introduced and accepted into

9

evidence, and the admissions by Defendant Kevin Sharpton.

12.     Defendants made an express warranty to Plaintiff with the intent to induce.

13.     Plaintiff was induced by Defendants acts.

14.     The affirmation of the facts underlying the express warranty was false, regardless of the Defendant's knowledge of the falsity or intention to create a warranty.

15.     Plaintiff suffered damages as a result of Defendants' breach of express warranties in the amount of $8,092.56.

**Negligent Misrepresentation**

The Court makes the following findings of fact relative to the cause of action for negligent misrepresentation:

16.     The elements of negligent misrepresentation have been met by the testimony of Plaintiff, the exhibits that have been introduced and accepted into evidence, and the admissions by Defendant Kevin Sharpton.

17.     Defendants supplied information to Plaintiff.

18.     The information was false.

19.     Defendants did not exercise reasonable care in obtaining or communicating the information.

20.     Plaintiff relied upon the information that was negligently misrepresented by Defendants.

21.     Plaintiff suffered damages as a result of Defendants' negligent misrepresentation in the amount of $8,092.56.

**Intentional Misrepresentation**

The Court makes the following findings of fact relative to the cause of action for

10

intentional misrepresentation:

22.     The elements of intentional misrepresentation have been met by the testimony of Plaintiff, the exhibits that have been introduced and accepted into evidence, and the admissions by Defendant Kevin Sharpton.

23.     Defendants made representations of existing or past material facts to Plaintiff.

24.     The representations of material facts were false when made.

25.     Defendants made the false representations knowingly, without belief in the truth of the representations, and recklessly.

26.     Plaintiff reasonably relied on the misrepresentations of material facts.

27.     Plaintiff suffered damages as a result of Defendants' intentional misrepresentation in the amount of $8,092.56.

**Fraudulent Concealment**

The Court makes the following findings of fact relative to the cause of action for fraudulent concealment:

28.     The elements of fraudulent concealment have been met by the testimony of Plaintiff, the exhibits that have been introduced and accepted into evidence, and the admissions by Defendant Kevin Sharpton.

29.     Defendants had a duty to disclose known facts.

30.     Defendants fraudulently concealed those known facts.

31.     Plaintiff reasonably relied on the resulting misrepresentations.

32.     Plaintiff suffered damages as a result of Defendants' fraudulent concealment in the amount of $8,092.56.

11

**Summary of Effect of Defendant Kevin Sharpton's Admissions on Findings with Regard to Common Law Torts**

33.    As to each and every common law tort asserted by Plaintiff in the Second Amended Complaint, the Court reviewed each and every one of Defendant Kevin Sharpton's admissions that are deemed admitted by the Court and that were relied upon to support each of the elements of the causes of action.    The Court reviewed each admission during the trial as the admission was being presented to the Court by counsel for Plaintiff.

34.    The Court finds that those admissions referenced by counsel for Plaintiff as to each one of the common law tort actions in this case support the findings on each alternative cause of action.

**Violations of the Tennessee Consumer Protection Act**

The Court makes the following findings of fact relative to the causes of action asserting multiple willful and knowing violations of the Tennessee Consumer Protection Act:

35.    The Tennessee Consumer Protection Act (the "Act") sets forth in Tenn. Code Ann. § 47-18-104 unfair or deceptive practices prohibited by the Act.

36.    "Unfair or deceptive acts or practices affecting the conduct of any trade or commerce constitute unlawful acts or practices and are Class B misdemeanors." Tenn. Code Ann. § 47-18-104(a).

37.    "The following unfair or deceptive acts or practices affecting the conduct of any trade or commerce are declared to be unlawful and in violation of this part." Tenn. Code Ann. § 47-18-104(b).

38.    The Court reviewed each one of Defendant Kevin Sharpton's admissions

12

that were deemed admitted by the Court and that were relied upon by the Plaintiff as supporting a finding of willful and knowing violations of the various subsections of Tenn. Code Ann. § 47-18-104(b) asserted by Plaintiff in the Second Amended Complaint.

39.     The Court further finds that all the exhibits, as well as the testimony of Plaintiff, also support the findings herein with regard to Defendants' violations of the Tennessee Consumer Protection Act.

40.     Defendants' multiple willful and knowing violations of the Tennessee Consumer Protection Act are as follows:

   a.   The Court finds with regard to **Tenn. Code Ann. § 47-18-104(b)(2):**

   **(2)** Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services.

Defendant Kevin Sharpton's admissions referenced by counsel for Plaintiff, Plaintiff's testimony, and all the exhibits introduced into evidence support the finding that Defendants violated subsection (b)(2) of the Act.

   b.   The Court finds with regard to **Tenn. Code Ann. § 47-18-104(b)(3):**

   **(3)** Causing likelihood of confusion or misunderstanding as to affiliation, connection or association with, or certification by, another.

Defendant Kevin Sharpton's admissions referenced by counsel for Plaintiff, Plaintiff's testimony, and all the exhibits introduced into evidence support the finding that Defendants violated subsection (b)(3) of the Act.

   c.   The Court finds with regard to **Tenn. Code Ann. § 47-18-104(b)(7):**

   **(7)** Representing that goods or services are of a particular standard, quality or grade, or that goods are of a particular style or model, if they are of another.

13

Defendant Kevin Sharpton's admissions referenced by counsel for Plaintiff, Plaintiff's testimony, and all the exhibits introduced into evidence support the finding that Defendants violated subsection (b)(7) of the Act.

    d.  The Court finds with regard to **Tenn. Code Ann. § 47-18-104(b)(9):**

    **(9)** Advertising goods or services with intent not to sell them as advertised.

Defendant Kevin Sharpton's admissions referenced by counsel for Plaintiff, Plaintiff's testimony, and all the exhibits introduced into evidence support the finding that Defendants violated subsection (b)(9) of the Act.

    e.  The Court finds with regard to **Tenn. Code Ann. § 47-18-104(b)(19):**

    **(19)** Representing that a guarantee or warranty confers or involves rights or remedies which it does not have or involve; provided, that nothing in this subdivision (b)(19) shall be construed to alter the implied warranty of merchantability as defined in ß 47-2-314.

Defendant Kevin Sharpton's admissions referenced by counsel for Plaintiff, Plaintiff's testimony, and all the exhibits introduced into evidence support the finding that Defendants violated subsection (b)(19) of the Act.

    f.  The Court finds with regard to **Tenn. Code Ann. § 47-18-104(b)(21):**

    **(21)** Using statements or illustrations in any advertisement which create a false impression of the grade, quality, quantity, make, value, age, size, color, usability or origin of the goods or services offered, or which may otherwise misrepresent the goods or services in such a manner that later, on disclosure of the true facts, there is a likelihood that the buyer may be switched from the advertised goods or services to other goods or services.

Defendant Kevin Sharpton's admissions referenced by counsel for Plaintiff, Plaintiff's testimony, and all the exhibits introduced into evidence support the finding that Defendants violated subsection (b)(21) of the Act.

14

g. The Court finds with regard to **Tenn. Code Ann. § 47-18-104(b)(22):**

    **(22)** Using any advertisement containing an offer to sell goods or services when the offer is not a bona fide effort to sell the advertised goods or services. An offer is not bona fide, even though the true facts are subsequently made known to the buyer, if the first contact or interview is secured by deception.

Defendant Kevin Sharpton's admissions referenced by counsel for Plaintiff, Plaintiff's testimony, and all the exhibits introduced into evidence support the finding that Defendants violated subsection (b)(22) of the Act.

h. The Court finds with regard to **Tenn. Code Ann. § 47-18-104(b)(32)(A)(ii):**

    **(32) (A)** The act of misrepresenting the geographic location of a person through a business name or listing in a local telephone directory or on the Internet is an unfair or deceptive act or practice affecting the conduct of trade or commerce, if:

        (ii) The listing fails to clearly and conspicuously identify the locality and state of the person's business;

Defendant Kevin Sharpton's admissions referenced by counsel for Plaintiff, Plaintiff's testimony, and all the exhibits introduced into evidence support the finding that Defendants violated subsection (b)(32)(A)(ii) of the Act.

i. The Court finds with regard to **Tenn. Code Ann. § 47-18-104(b)(35):**

    **(35)** Representing that a person is a licensed contractor when such person has not been licensed as required by ß 62-6-103 or ß 62-37-104; or, acting in the capacity of a "contractor" as defined in ßß 62-6-102(4)(A), 62-6-102(7) or 62-37-103(5), and related rules and regulations of the state of Tennessee, or any similar statutes, rules and regulations of another state, while not licensed.

Defendant Kevin Sharpton's admissions referenced by counsel for Plaintiff, Plaintiff's testimony, and all the exhibits introduced into evidence support the finding that Defendants violated subsection (b)(35) of the Act.

j. The Court finds with regard to **Tenn. Code Ann. § 47-18-104(b)(47):**

15

**(47)** A home improvement services provider:

**(A)** Entering into a contract for home improvement services without providing to the residential owner in written form:

**(i)** That it is a criminal offense for the person entering into the contract for home improvement services with a residential owner to do any of the prohibited acts set out in ß 39-14-154(b), by writing out the text of each prohibited act, and providing the penalty and available relief for such; and

**(ii)** The true and correct name, physical address and telephone number of the home improvement services provider.

Defendant Kevin Sharpton's admissions referenced by counsel for Plaintiff, Plaintiff's testimony, and all the exhibits introduced into evidence support the finding that Defendants violated subsections (b)(47)(A)(i) and (b)(47)(A)(ii) of the Act.

k. The Court finds with regard to **Tenn. Code Ann. § 62-6-136:**

**62-6-136. Unlawful representation as a licensed contractor or acting as a contractor -- Penalties -- Liability.**

**(a)** It is unlawful for any person, firm or corporation to represent itself as a licensed contractor or to act in the capacity of a "contractor" as defined in ßß 62-6-102, or 62-37-103 [repealed], and related rules and regulations of this state, or any similar statutes, rules and regulations of another state, while not licensed, unless such person, firm or corporation has been duly licensed under ß 62-6-103 or ß 62-37-104.

**(b)** In addition to the penalties set out in ß 62-6-120, ß 62-37-114 or ß 62-37-127, a violation of this section shall be construed to constitute an unfair or deceptive act or practice affecting the conduct of trade or commerce under the Tennessee Consumer Protection Act of 1977, compiled in title 47, chapter 18, part 1; and, as such, the private right of action remedy under the Tennessee Consumer Protection Act of 1977 shall be available to any person who suffers an ascertainable loss of money or property, real, personal or mixed, or any other article, commodity or thing of value wherever situated as a result of the violation.

**(c)** An individual who violates this section and would, but for this section, have limited liability as owner of an entity having limited liability protection, including, but not limited to, a corporation, is personally liable for the individual's own representations, acts or omissions to the same extent as if that individual rendered the representations, acts or omissions as an individual.

**(ii)** The true and correct name, physical address and telephone number of the home improvement services provider.

The Court concludes that Tenn. Code Ann. § 62-6-136 refers back to the Tennessee Consumer Protection Act of 1977, which is the statute applicable to this case.

The Court further concludes that there is a separate violation of § 62-6-136 as to subsection (a) such that the penalties and remedies under subsection (b) and subsection (c) apply.

Defendant Kevin Sharpton's admissions referenced by counsel for Plaintiff, Plaintiff's testimony, and all the exhibits introduced into evidence support the finding that Defendants violated Tenn. Code Ann. § 62-6-136.

### Attorney Fees, Expenses, and Damages

41.     The Court reviewed the Affidavit of Alison B. Prestwood on the issue of reasonableness and necessity of the fees charged and the expenses charged.

42.     The Affidavit is acceptable to the Court.

43.     After considering the Affidavit and based upon the testimony of Plaintiff, the exhibits that have been introduced and accepted into evidence, and the admissions by Defendant Kevin Sharpton, the Court finds that attorney fees in the amount of $30,100.50 are reasonable and necessary under the circumstances of this case.

44.     After considering the Affidavit and based upon the testimony of Plaintiff, the exhibits that have been introduced and accepted into evidence, and the admissions by Defendant Kevin Sharpton, the Court finds that expenses in the amount of $2,084.85 are reasonable and necessary under the circumstances of this case.

45.     Based upon the testimony of Plaintiff, the exhibits that have been introduced and accepted into evidence, and the admissions by Defendant Kevin

17

Sharpton, the Court finds that, pursuant to the statutory provisions in the Tennessee Consumer Protection Act providing for an award of up to three times the actual damages sustained for willful and knowing violations of the Act, actual damages in the amount of $8,092.56 should be multiplied by two and one-half (2.5), which totals $20,231.40 in damages awarded.

## IV. CONCLUSIONS OF LAW

Having found the foregoing facts this Court concludes as follows:

1.      The elements of breach of contract have been met by the testimony of Plaintiff, the exhibits that have been introduced and accepted into evidence, and the admissions by Defendant Kevin Sharpton.

2.      The elements of breach of express warranties have been met by the testimony of Plaintiff, the exhibits that have been introduced and accepted into evidence, and the admissions by Defendant Kevin Sharpton.

3.      The elements of negligence have been met by the testimony of Plaintiff, the exhibits that have been introduced and accepted into evidence, and the admissions by Defendant Kevin Sharpton.

4.      The elements of negligent misrepresentation have been met by the testimony of Plaintiff, the exhibits that have been introduced and accepted into evidence, and the admissions by Defendant Kevin Sharpton.

5.      The elements of intentional misrepresentation have been met by the testimony of Plaintiff, the exhibits that have been introduced and accepted into evidence, and the admissions by Defendant Kevin Sharpton.

6.      The elements of fraudulent concealment have been met by the testimony

of Plaintiff, the exhibits that have been introduced and accepted into evidence, and the admissions by Defendant Kevin Sharpton.

7.    Based upon by the testimony of Plaintiff, the exhibits that have been introduced and accepted into evidence, and the admissions by Defendant Kevin Sharpton, the Court concludes that the Defendants willfully and knowingly committed each and every unfair and deceptive practice asserted by Plaintiff in her Second Amended Complaint under the Tennessee Consumer Protection Act and specified herein.

8.    Attorney fees in the amount of $30,100.50 are reasonable and necessary, and a judgment for that amount of attorney fees is hereby granted to the Plaintiff, for which execution may issue, if necessary.

9.    Expenses and costs in the amount of $2,084.85 are reasonable and necessary, and a judgment for that amount of expenses and costs is hereby granted to the Plaintiff, for which execution may issue, if necessary.

10.    Based upon the testimony of Plaintiff, the exhibits that have been introduced and accepted into evidence, and the admissions by Defendant Kevin Sharpton, the Court concludes that, pursuant to the statutory provisions in the Tennessee Consumer Protection Act providing for an award of up to three times the actual damages sustained for willful and knowing violations of the Act, actual damages in the amount of $8,092.56 should be multiplied by two and one-half (2.5). A judgment for $20,231.40 in damages for Plaintiff is hereby granted, for which execution may issue, if necessary.

11.    The costs of this case are to be paid by the Defendant as an entity and/or

19

as an individual, for which a judgment is granted and for which execution may issue, if necessary.

**IT IS THEREFORE ORDERED, ADJUDGED** and **DECREED** that:

1.     A judgment for attorney fees in the amount of $30,100.50 is hereby granted to the Plaintiff, for which execution may issue, if necessary.

2.     A judgment for expenses and costs in the amount of $2,084.85 is hereby granted to the Plaintiff, for which execution may issue, if necessary.

3.     A judgment for $20,231.40 in damages is hereby granted to the Plaintiff, for which execution may issue, if necessary.

4.     The total amount of attorney fees, expenses and costs, and damages equaling $52,416.75, as a joint judgment for Plaintiff, therefore is granted, for which execution may issue, if necessary.

5.     The costs of this case are to be paid by the Defendant as an entity and/or as an individual, for which a judgment is granted and for which execution may issue, if necessary.

**ENTERED** this _____ day of _____, 2015.

_____
**JUDGE MICHAEL W. BINKLEY**

20

## CLERK'S CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing document was forwarded via email or first class U.S. mail, postage prepaid, to the following parties:

Robert A. Doll, Esq.
810 Dominican Drive
Nashville, Tennessee 37228

Alison B. Prestwood, Esq.
Reid & Prestwood, PLC
414 Bridge Street
Franklin, Tennessee 37064

on the _12_ day of _May_, 2015.

_Anne Riden Pc_
Clerk


## CERTIFICATE OF SERVICE

The undersigned certifies that on the _27th_ day of _April_, 2015, the following was served with a copy of the foregoing by the identified method:

Robert A. Doll, Esq.
810 Dominican Drive
Nashville, Tennessee 37228

__X__ Deposit in the U.S. Mail
_____ Certified Mail, Return Receipt Requested
_____ Hand Delivery
_____ Facsimile
_____ Email

_Alisa B R_
Alison B. Prestwood

21