UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: ) | |
| ) | |
| KEVIN CHRISTOPHER SHARPTON, ) | Case No. 15-02719-KL3-7 |
| (SSN XXX-XX-1358) ) | (Chapter 7) |
| ) | Judge Keith M. Lundin |
| Debtor. ) | |
| ) | |
| ) | |
| KEVIN CHRISTOPHER SHARPTON, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Contested Matter |
| ) | |
| SUSAN SMITH, ) | |
| ) | |
| ) | |
| Respondent. ) | |

_____

### RESPONSE TO MOTION FOR CONTEMPT FOR
### WILLFUL VIOLATION OF AUTOMATIC STAY
_____

The respondent, Susan Smith ("Ms Smith"), in response to the "Motion for Contempt for Willful Violation of Automatic Stay" filed on behalf of the debtor-movant, Kevin Christopher Sharpton (the"Debtor"), on April 14, 2016 at Document No. 63 (the "Motion") would state that she opposes the requested relief.  In support of this response, Ms Smith would state as follows:

### *First Defense*

1.01   Ms Smith admits the allegations contained in paragraph 1 of the Motion.

1.02   Ms Smith admits the allegations contained in paragraph 2 of the Motion.

1.03    Ms Smith admits the allegations contained in paragraph 3 of the Motion.

1.04    Ms Smith denies the allegations contained in paragraph 4 of the Motion.

1.05    With respect to the allegations contained in paragraph 5 of the Motion, Ms Smith admits that a "Notice of Suggestion of Bankruptcy" was filed with the state court on April 30, 2015 and the certificate of service attached to the Notice shows that a copy of it was mailed to counsel for Ms Smith.  Ms Smith denies all other allegations contained in paragraph 5 of the Motion.

1.06    Ms Smith admits the allegations contained in paragraph 6 of the Motion.

1.07    Ms Smith denies the allegations contained in paragraph 7 of the Motion.

1.08    Ms Smith is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Motion.

1.09    Ms Smith denies the allegations contained in the first numbered paragraph 9 of the Motion.

1.10    Ms Smith admits the allegations contained in second numbered paragraph 9 of the Motion.

1.11    Ms Smith denies the allegations contained in paragraph 10 of the Motion.

1.12    Ms Smith admits the allegations contained in paragraph 11 of the Motion.

1.13    Ms Smith denies the allegations contained in paragraph 12 of the Motion.

1.14    With respect to the allegations contained in paragraph 13 of the Motion, Ms Smith admits that subject lien was filed with the Debtor's consent and that she withdrew the judgment lien immediately upon the request of the Debtor and, at the same time, reserved the right to reassert the judgment lien.  Ms Smith denies all other allegations contained in paragraph 13 of the Motion.

1.15   Ms Smith is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Motion.

1.16   Ms Smith admits the allegations contained in paragraph 15 of the Motion.

1.17   Ms Smith denies the allegations contained in paragraph 16 of the Motion.

1.18   Ms Smith admits the allegations contained in paragraph 17 of the Motion.

1.19   Ms Smith denies the allegations contained in paragraph 18 of the Motion.

1.20   Ms Smith denies each and every other allegation of the Motion not hereinabove either admitted, denied or explained.

### *Second Defense*

Ms Smith has not committed any willful violation of the automatic stay. The "Notice of Suggestion of Bankruptcy" was filed with the state court on April 30, 2015 or 3 days after the subject Final Order was presented to the court clerk for entry. Ms Smith did not learn of the Debtor's bankruptcy until sometime after the Final Order had been filed. It was reasonable for Ms Smith to expect that the "Notice of Suggestion of Bankruptcy" would have found its way to the chambers of the state court judge prior to the entry of the Final Order on May 8, 2015.

### *Third Defense*

Ms Smith contends that the Debtor's Motion is motivated by an improper purpose. Debtor's improper purpose can be inferred from the frivolous nature of his motion for contempt as discussed below. The Debtor's allegations are remarkable in that they reflect a complete ignorance about (or purposeful disregard of) the most basic facts related to this case and have no foundation in the law. For this reason, they are frivolous, vexatious, and have had the practical effect of needlessly increasing the cost of litigation. Apparently, the

Debtor has filed the Motion to obtain some perceived advantage in the underlying non-dischargeability proceeding.

1. <u>The Debtor Has No Factual Basis to Allege That Ms Smith Committed Any Willful Violation of the Automatic Stay.</u>

The Debtor has consciously and repeatedly misrepresented the facts in his filings with this Court and the Williamson County, Tennessee Circuit Court. His motion for contempt is no different. At Paragraph 4 of the motion for contempt he alleges that "[o]n April 27, 2015, *with knowledge of the bankruptcy having been filed*, Susan Smith lodged a Final Order . . . ." (Emphasis supplied). First, Ms Smith did not lodge the Final Order – her counsel of record, the Honorable Allison Prestwood filed the order with the court clerk as directed by the Williamson County, Tennessee Circuit Court.

Second, and more importantly, the Debtor has no credible basis to allege that Ms Smith had any knowledge of the bankruptcy petition before the filing of the Final Order. Despite the fact that the parties had been involved in pre-petition state court litigation for several months, there is no evidence of any letter sent or telephone call to Ms Smith or her counsel advising her promptly of the bankruptcy petition. Instead, knowing that Attorney Prestwood was preparing an order reflecting the state court's ruling, the Debtor chose to wait 9 days after filing his bankruptcy petition before notifying Ms Smith of his petition and filing the "Notice of Suggestion of Bankruptcy" on April 30, 2015.

Debtor has also misrepresented the facts regarding the loss of his Better Business Bureau accreditation at Paragraphs 8-9 of the Motion. His accreditation was not lost because Ms Smith "turned [the Final Order] over to the Better Business Bureau." Rather, Debtor's accreditation "was revoked by BBB's Board of Directors due to failure to

*Page 4 of 10*

Case 3:15-bk-02719   Doc 71   Filed 05/31/16   Entered 05/31/16 17:02:26   Desc Main
Document      Page 4 of 10

participate in BBB arbitration despite pre-committing to do so."[1]  See Better Business Bureau Screen Shot from April 14, 2016 at 1:42 p.m. attached hereto as Exhibit A.  For Debtor to allege that the Final Order represents the source of his troubles with the BBB constitutes a conscious misrepresentation of the facts.

He also negligently or intentionally provides the false impression at Paragraphs 11-13 of the Motion that the Notice of Judgment Lien was filed without his consent or knowledge.  In fact, as evidenced by the emails between counsel before the Notice of Judgment Lien was filed, the Notice was filed after the Debtor received his discharge and only after obtaining the consent (or at least without any opposition) and with the knowledge of both Debtor's bankruptcy counsel and his state court lawyer, the Honorable David L. Cooper.  Copies of the relevant emails between counsel are attached hereto as Exhibit B.

This is not the first time the Debtor has negligently or intentionally provided a false impression in papers presented to the Court.  In response to Ms Smith's summary judgment motion, the Debtor suggested that he timely responded to the requests for admission in the state court litigation and the only reason they were deemed admitted was because he "had failed to certify his responses by notarized affidavit."  Affidavit of Robert A. Doll, III filed March 11, 2016 at Document 24-1, Par. 6.[2]  To the contrary, at the February 13, 2015 hearing on the Ms Smith's motion to have the requests deemed admitted, no mention is made of any failure "to certify his responses by notarized affidavit."

---

[1] Prior to the petition date, Ms Smith filed a Better Business Bureau complaint against Debtor.

[2] The "Response in Opposition to Rule 60 Motion to Set Aside Order Deeming Request for Admissions Admitted and to Allow Defendant To File His Response to Request for Admissions and to Continue the Final Hearing" filed April 13, 2015 summarizes the events leading up to requests for admission being deemed admitted.  A copy of the Response is attached hereto as Exhibit C.

*Page 5 of 10*

<u>See</u> "Transcript of Proceedings Friday, February 13, 2015" attached at Exhibit D. Similarly, at an April 15, 2015 hearing on the Debtor's Rule 60 motion on the order deeming the requests admitted, no mention is again made of any failure "to certify his responses by notarized affidavit." <u>See</u> "Excerpts of Transcript of Proceedings, Wednesday, April 15, 2015" attached at Exhibit E. Instead, the state court found that the Debtor "gamed the system and it caught up with him." The court said:

> THE COURT: All right. Before me right now is the Rule 60 motion filed by Mr. Sharpton on behalf of his counsel, Mr. Doll. I have carefully reviewed the pleadings, as I indicated previously, as well as the pleadings in the file. I have also reviewed the Rule 60 parameters. I have also previously reviewed, as they were introduced, again, these exhibits, 1 through 21, today.
> Based upon the information that I have received, it's clear to me that Mr. Sharpton is gaming the system.
> I am not going to set aside the previous order granting the request for admissions be admitted. There is not sufficient reason for me to do so under Rule 60 or to consider any other relief under Rule 60 that has been requested. So the requests for admissions which have been previously deemed admitted, that order stands. Those admissions are deemed still admitted -- or request for admissions are deemed admitted.
> And I want to reiterate that it appears to me, from the record here, that Mr. Sharpton is gaming the system. And I can't let him get away with that.
> . . .
>
> But I also cannot help but see what's really happened here. And despite your great efforts, Mr. Doll, and your expertise -- and you're one of the best -- and you're very articulate, and you know what the law is -- with all of that said, I believe, again -- at the risk of being redundant -- that Mr. Sharpton gamed the system and it caught up with him. In my opinion, based upon all of the proof that's

Case 3:15-bk-02719   Doc 71   Filed 05/31/16   Entered 05/31/16 17:02:26   Desc Main
Document      Page 6 of 10

> in front of me, he was given absolutely every
> opportunity in the world to take care of his business
> and he simply did not do it.
> 	So there has to come a point in time
> where a judge says "enough is enough." And based upon
> the facts of these cases, as much as I respect your
> abilities, as much as I'm sympathetic with where you
> are today, I most respectfully must say that your
> client is the one who put himself in this position and no one else.

"Excerpts of Transcript of Proceedings, Wednesday, April 15, 2015" at pp. 2 - 5.

The Debtor continues to game the system in Bankruptcy Court. Almost 5 months after Ms Smith filed this adversary proceeding and more than 2 months after the pretrial conference, the Debtor raised for the first time that the Final Order was void or voidable because it violated the automatic stay. Rather than raise the issue in some Rule 12(b)(6) motion or in his answer to the non-dischargeability complaint, the Debtor filed a motion seeking to dismiss his Chapter 7 case so that he can "fight" the Final Order on appeal. See "Motion to Dismiss" filed on May 30, 2015 at Document No. 25. The Debtor curiously omits any mention of any alleged stay violation in connection with the Final Order. In the motion, the Debtor states:

> Debtor originally filed his petition hoping to avoid a judgment that he knew was coming from a civil case in the state court. After filing his petition, [the Final] Order was entered in the state civil case, and the wording of the Order would make the judgment non-dischargeable in debtor's bankruptcy case. Debtor wishes to choose his right to appeal the aforementioned case in the state court and fight not only the judgment itself, but also the wording of the ruling, if said judgment is upheld.

The Debtor's motion to dismiss the bankruptcy case was denied by an order entered June 13, 2015 at Document No. 44.

Page 7 of 10

Case 3:15-bk-02719    Doc 71    Filed 05/31/16    Entered 05/31/16 17:02:26    Desc Main
Document    Page 7 of 10

If the Debtor had timely raised the issue as to the alleged stay violation or voidability of the Final Order in the state court or in this Court, both he and Ms Smith could have conceivably avoided a great deal of effort and expense. Only after he chose "his right to appeal the aforementioned case in the state court and fight not only the judgment itself" and the Court of Appeals dismissed his appeal on September 25, 2015 as a result of Debtor's failure to file a transcript or statement of the evidence as required by Tenn R. App. P. 24(c), did he even hint that the Final Order violated the automatic stay. In retrospect, it seems clear that Debtor was simply continuing to "game the system" with the Tennessee Court of Appeals. He used the stay violation as "a trump card that he could play if he did not like the outcome of the action, but allowing him to take a favorable judgment." In re Hoskins, 266 B.R. 872, 878-79 (Bankr. W.D. Mo. 2001) (citing In re Cobb, 88 B.R. 119, 121 (Bankr. W.D. Tex. 1988)). Bankruptcy Code section 362 is designed as a shield to protect debtors from harassment, not a sword to thwart the judicial process and bar claimants acting in good faith. Matthews v. Rosene, 739 F.2d 249, 251 (7th Cir. 1984). A debtor may not abuse the bankruptcy code's protections by remaining "stealthily silent" while the automatic stay is allegedly being violated because of the debtor's unreasonable behavior. In re Smith, 876 F.2d 524, 526 (6th Cir. 1989).

The Debtor failed to timely raise any issue regarding the automatic stay with the Bankruptcy Court or the state court or the Tennessee Court of Appeals. The Debtor either floundered in this Court for nearly 8 months before raising the issue or, more likely, chose to use the automatic stay as a strategic "stealthy defense." In doing so, the Debtor thwarted the purpose of the Bankruptcy Code by exploiting its protections to gain some

perceived tactical advantage.  It is clear from the record that the Debtor's motion for contempt is motivated by an "improper purpose" in violation of Bankruptcy Rule 9011(b)(1).

2. <u>The Debtor Has No Reasonable Basis in Law to Allege That Ms Smith Committed Any Willful Violation of the Automatic Stay.</u>

Debtor's contentions are also premised on misstatements of law. For example, he seems to contend at Paragraphs 9-10 of his motion for contempt that Ms Smith improperly used "the Final Order as the basis of her complaint" necessitating "unneeded legal fees in the amount of $6,781.25."  The Debtor apparently contends, without any legal authority whatsoever, that because the Final Order has been rendered void, Ms Smith has no basis to pursue a claim of non-dischargeability.  This contention is simply wrong and ignores Ms Smith's underlying claims for intentional misrepresentation, fraudulent concealment, and claims of fraud and misrepresentation under the Tennessee Consumer Protection Act.

This is also the exact same contention made by the Debtor in his "Motion to Dismiss" which was denied by the Court by an order filed March 16, 2016.  That the Debtor continues to raise this same argument in the face of the March 16, 2016 order is egregious.  The Debtor is consciously and knowingly advancing frivolous legal arguments.

WHEREFORE, Ms Smith respectfully requests the Court to deny the Debtor's Motion.

*Page 9 of  10*

Case 3:15-bk-02719    Doc 71    Filed 05/31/16    Entered 05/31/16 17:02:26    Desc Main
Document      Page 9 of 10

Dated: May 31, 2016.

                          Respectfully submitted,

                          */s/ Joseph P. Rusnak*
                          Joseph P. Rusnak
                          **TUNE, ENTREKIN & WHITE, P.C.**
                          UBS Tower, Suite 1700
                          315 Deaderick Street
                          Nashville, TN  37238
                          (615) 244-2770 Voice
                          (615) 244-2778 Telecopy
                          Jrusnak@tewlawfirm.com

                          Attorneys for Susan Smith

### *Certificate of Service*

The undersigned hereby certifies that a true and exact copy of the foregoing "Response to Motion for Contempt for Willful Violation of Automatic Stay" has been served upon the following counsel for parties in interest herein by delivering same to the offices of said parties by United States mail with sufficient postage thereon to carry the same to its destination (or by telecopy, if noted):

| | |
|---|---|
| U.S. Trustee | Timothy A. Davis, Esq. |
| 318 Customs House | 115 East Main Street |
| 701 Broadway | Lebanon, TN  37087 |
| Nashville, TN  37203 | |

Dated: May 31, 2016.

                          */s/ Joseph P. Rusnak*
                          Joseph P. Rusnak

*H:\JPRAssistant\JPR\Smith, Susan2015\MotContempt\ResponseMotContempt.wpd*